# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No. MJG-88-0394 |
| v. | * | Civil No. |
| MAURICE KING | * | |

\* \* \* \* \*

## MOTION TO CORRECT
## SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, Maurice King, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On October 17, 1989, this Court sentenced Mr. King to a term of 360 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1.[1]  The Court sentenced Mr. King as a mandatory career offender because his sentencing took place before *United States v. Booker*, 543 U.S. 220 (2005), when the sentencing guidelines became advisory. The Court found Mr. King to be a career offender after adopting the finding of the presentence report that his instant offense was a "controlled substance offense" and that he had at least two qualifying prior convictions that supported the career offender enhancement.  Specifically, the Court found that Mr. King had one prior conviction that qualified as a "controlled substance offense" and one prior conviction for Maryland robbery that qualified as a "crime of violence."

---

[1]  The Court specified that 96 months of the sentence was to run consecutively to the 50 year federal sentence Mr. King was then serving.

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. King is no longer a career offender because his Maryland robbery conviction no longer qualifies as a career offender "crime of violence."[2]

In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, the only remaining question here is whether Mr. King's robbery offense qualifies as a "crime of violence" under the remaining "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). It does not under either clause.

Hence, Mr. King does not have the two necessary predicate convictions (either "crimes of violence" or "controlled substance offenses") to qualify him as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

Mr. King's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr. King

---

[2] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PARESH S. PATEL
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June, 2016, a copy of the foregoing Motion to Correct Sentence Under 28 U.S.C. § 2255 was delivered via electronic filing to Debra Lynn Dwyer, Esq. Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland.

_____/s/_____
PARESH S. PATEL
Appellate Attorney