IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CIVIL NOS. MJG-16-2208 |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. MJG-88-394 |
| MAURICE KING | * | |
| | * | |
| | * | |

**GOVERNMENT'S OPPOSITION TO MOTION TO HOLD
PETITIONER'S MOTION TO VACATE SENTENCE IN ABEYANCE**

The United States of America, through undersigned counsel, respectfully submits the following response in opposition to the Motion to Hold Petitioner's Motion to Vacate Sentence in Abeyance (ECF 141) and Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255. ECF 140. The Motion to Vacate should not be held in abeyance; rather, the Motion should be denied.

**PROCEDURAL BACKGROUND**

On May 11, 1989, Maurice King ("Petitioner") pled guilty to one counts of Conspiracy to Possess with Intent to Distribute 1 Kilogram or More of Heroin, in violation of 21 U.S.C. § 846. At sentencing, the Court determined that Petitioner was a career offender under U.S.S.G. § 4B1.1 based on prior convictions for robbery and a controlled substance offense. PSR at ¶¶ 58, 67, 72. Petitioner's final offense level was 37. PSR at ¶ 72. At the established career offender criminal history category VI, this resulted in a guideline range of 360 months to life. On October 17, 1989, Petitioner was sentenced to 360 months' imprisonment.[1] Petitioner did not appeal his conviction or sentence.

On April 20, 2016, Federal Public Defender filed a Motion for Appointment of Counsel in

---

[1] Petitioner is expected to be released on or about June 18, 2019.

1

Petitioner's case, indicating that Petitioner might be eligible for relief in light of *Johnson*. ECF 139. The Court granted that motion the same day.

On June 17, 2016, Petitioner filed a Motion to Correct Sentence under 28 U.S.C. § 2255. ECF 140. In his motion,[2] Petitioner claimed that he is entitled to relief pursuant to the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), alleging that the ruling in *Johnson*, as applied to the Armed Career Criminal Act ("ACCA") definition of "violent felony" also applied to the U.S.S.G. § 4B1.2(a) definition of "crime of violence." Specifically, he claimed that his prior Maryland robbery conviction no longer qualified as a predicate "crime of violence" and therefore he was no longer a career offender. ECF 140 at 2. Petitioner also pointed out that he was sentenced prior to the Supreme Court decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), which held that the sentencing guidelines were not mandatory, but advisory.

In early 2017, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," therefore "§ 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 890-92 (2017). However, a *Beckles* footnote questioned "whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* — that is, during the period in which the Guidelines *did* 'fix the permissible range of sentences,' — may mount vagueness attacks on their sentences." *Id*. at 903 n.4. Based on the Court's comment in that footnote, the Federal Public Defender's Office requested that all § 2255 motions filed by defendants who were sentenced pre-*Booker*, be held in abeyance pending the Fourth Circuit decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017). The Government did not at that time oppose the request.

---

[2] Petitioner's 4-page motion is merely a "placeholder" petition. Although Petitioner stated that he would fully brief the issues at a later time, he has not yet done so. ECF 26 at 3.

At issue in *Brown* was whether *Booker*, *Johnson*, and *Beckles* – when read together – recognized "a right to challenge the pre-*Booker* mandatory Sentencing Guidelines as void for vagueness . . . despite the fact that the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." *Id*. at 300. The Fourth Circuit explained that "to find [Brown's] motion timely, we must conclude that it relies on a right 'recognized' in *Johnson* or another more recent Supreme Court case. *Id*. at 301. The Fourth Circuit held that:

> Petitioner's motion relies on a claimed due-process right to have his guidelines' range calculated without reference to an allegedly vague Sentencing Guidelines' provision, despite the fact that the district court imposed his sentence within permissible statutory limits. Regrettably for Petitioner, the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute. **ced*Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.**

*Id*. at 301–02 (internal citations omitted). Thus, the Fourth Circuit found that the district court had properly dismissed Brown's § 2255 motion, which had been filed pursuant to *Johnson*. *Id*. at 304 ("We are compelled to affirm because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3)."). On October 5, 2017, Brown filed a petition for rehearing, which was denied on February 26, 2018.

Most recently, on April 2, 2018, Petitioner filed a Motion to Hold Petitioner's Motion to Vacate Sentence in Abeyance. ECF 141. In that motion, Petitioner asks the court to hold his § 2255 motion in abeyance pending the Supreme Court's resolution in *Brown*; however, Brown has not even filed a petition for writ of certiorari to the Supreme Court. Petitioner also asks the court to hold his § 2255 motion in abeyance pending "any other case before then in which the Court resolves the issue . . ." ECF 141 at 1. In essence, Petitioner is asking the Court to hold his motion

3

in abeyance for an infinite amount of time, based on the *possibility* that the Supreme Court *may* grant certiorari in a number of different cases. This does not serve the interests of justice. As it stands today, Petitioner is unequivocally *not* entitled to relief pursuant to *Johnson*. If a future decision provides Petitioner with a basis for relief, then he will be required to file a new motion based on that new decision.

## LEGAL ANALYSIS

Petitioner's argument relied on the Supreme Court's decision in *Johnson*, which held that the residual clause of the ACCA was unconstitutionally vague and in violation of due process. *Johnson*, 135 S. Ct. at 2557. Petitioner asserted that the *Johnson* ruling as applied to the ACCA definition of "violent felony" also applied to the U.S.S.G. § 4B1.2(a) definition of "crime of violence." However, subsequent to the filing of Petitioner's § 2255 motion, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," therefore "§ 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 137 S. Ct. at 890, 895. The Court explained:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, **the Guidelines are not subject to a vagueness challenge under the Due Process Clause.** The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 892. Accordingly, *Beckles* foreclosed Petitioner's *Johnson* claim.

Moreover, in *Brown*, the Fourth Circuit unequivocally held that even career offenders sentenced under the mandatory guidelines (pre-*Booker*) have no basis for relief:

> In short, Petitioner's cited cases do not recognize, and the dissent does not point to, any right helpful to him. *Johnson* only recognized that ACCA's residual clause was unconstitutionally vague; it did not touch upon the residual clause at issue here. Likewise, *Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. In a future case, the Supreme Court may agree

4

> with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA. But *Beckles* demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by *Johnson*. **Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner.** We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.

*Brown*, 868 F.3d at 303 (internal citations omitted). Therefore, both *Beckles* and *Brown* foreclose Petitioner's claims. The Fourth Circuit has held that "the published opinions of this court" are binding appellate precedent in this circuit. *United States v. Stephens*, 764 F.3d 327, 342 (4th Cir. 2014). There is thus no current basis for relief and thus Petitioner's instant motion should be denied.

Petitioner's request that this Court hold this motion in abeyance for an indefinite amount of time, based on the *possibility* that the Supreme Court *may* grant certiorari in a number of different cases, is unreasonable. First, Petitioner asks the Court to hold his § 2255 motion in abeyance pending the Supreme Court's resolution in *Brown*. However, Brown at this time has not even filed a petition for writ of certiorari to the Supreme Court and even if/when he does, there is no guarantee that the Supreme Court will grant the writ. Second, Petitioner asks the Court to hold his § 2255 motion in abeyance pending "any other case before then in which the Court resolves the issue . . ." ECF 141 at 1. In other words, Petitioner has no specific basis for his request to hold his motion in abeyance, but nevertheless asks this Court to do so in the hope that a favorable decision will be handed down at some point in the future. The Government submits that Petitioner's request simply has no basis in the law.

In fact, the Eastern District of Virginia recently addressed this very issue in *Gadsden v. United States*, No. 2:16CV459, 2018 WL 1406636 (E.D. Va. Mar. 7, 2018). In *Gadsden*, the

district court held that *Brown* foreclosed the petitioner's *Johnson*-based argument and also denied the petitioner's request to hold the petition in abeyance pending the possibility that the Supreme Court would grant certiorari in Brown:

> On March 6, 2018, the Petitioner also filed a "Request for Stay Pending Petition for Certiorari Seeking Review of Denial of Rehearing and Rehearing *En Banc* by Fourth Circuit Court of Appeals in *United States v. Brown*." In his Request, the Petitioner states that "Brown intends to file a Petition for Writ of Certiorari with the United States Supreme Court," and "[g]iven the relevance of the Supreme Court's ultimate ruling on the Petition for Writ of Certiorari to be filed in *Brown*," this court should stay the instant case until the Supreme Court renders it decision.
>
> However, there is no basis for staying the Petitioner's case. To determine whether a stay is appropriate pending an appeal, this court looks at: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."
>
> Here, the Petitioner has made no showing that the Supreme Court will grant certiorari to Brown, let alone that Brown is likely to succeed on the merits of his claim. Furthermore, even if the Supreme Court grants certiorari and subsequent relief to Brown, the Petitioner nevertheless remains free to file a § 2255 motion on the basis of that newly recognized right pursuant to 28 U.S.C. § 2255(f)(3). As such, the Petitioner has neither made a "strong showing that he is likely to succeed on the merits," nor that he "will be irreparably injured absent a stay." Accordingly, the Petitioner's Request is DENIED**.**

*Gadsden* at *2–3 (internal citations omitted). The same logic applies here. Accordingly, this Court should deny Petitioner's § 2255 motion and his request to hold the motion in abeyance.

## **CONCLUSION**

For the reasons stated herein, the Government respectfully requests that this Honorable Court DENY the Motion to Hold Petitioner's Motion to Vacate Sentence in Abeyance (ECF 141) and DENY Petitioner's Motion to Vacate under 28 U.S.C. § 2255. ECF 140.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Ellen Cobb
Special Assistant United States Attorney

_____/s/_____
David I. Salem
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on April 16, 2018, a copy of the foregoing Opposition was delivered via ECF to Paresh S. Patel, Esquire, counsel for the Petitioner.

          By:    _____/s/_____
                    Ellen Cobb
                    Special Assistant United States Attorney

                    _____/s/_____
                    David I. Salem
                    Assistant United States Attorney