IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA           *
                                        CIVIL NO. MJG-16-2208
            vs.                    *
                                        CRIMINAL NO. MJG-88-0394
MAURICE KING                       *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

The Court has before it the Motion to Hold Petitioner's
Motion to Vacate Sentence in Abeyance [ECF No. 141] and the
materials submitted relating thereto.  The Court finds that a
hearing is unnecessary.

On October 17, 1989, Defendant King was found to be a
career offender and sentenced to 360 total months of
imprisonment.  There was no direct appeal.  He has, as of the
date of this writing, served more than twenty-five years of a
thirty-year sentence.

On June 17, 2016, Defendant King filed his Motion to
Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 140],
contending that his sentence was excessive because of the
improper finding that he was a career offender based upon the
Supreme Court decision in Johnson v. United States, 135 S. Ct.
2551 (2015).  The current state of precedent in the Fourth
Circuit is unfavorable for Defendant King's position.  However,

he cites other cases now pending in which an ultimate Supreme

Court decision could result in a reversal of Fourth Circuit

precedent.

Recognizing that a current decision on his motion would

have to result in its denial based upon current Fourth Circuit

precedent, he requests abeyance of the decision pending Supreme

Court action on the issue.  He asserts that he would be

procedurally disadvantaged by a current denial of his motion and

possibly would lose the ability to obtain a correct sentence in

case of a future favorable Supreme Court decision.[1]

The Government presents no persuasive reason for the Court

to find that it would sustain any prejudice in the case from a

deferral of the decision but states – correctly – that the

Supreme Court has not yet accepted certiorari in any pertinent

case and there is nothing to indicate when, if ever, it will

address the pertinent issues.  Hence, the Government asserts, it

is not in the public interest to have this case (and similar

cases) simply remain pending, dormant, on the Court's docket.

This Court has granted a similar motion in United States v.

Wright, MJG-97-0219 [ECF No. 105] and in United States v.

---

1    It may be debatable whether Defendant King would actually
lose his ability to take advantage of a future Supreme Court
decision.  But, it certainly appears that there is a risk that
he would.

Jackson, MJG-96-0354.  The Court is informed that the prosecutors in the Virginia districts and the Western District of North Carolina have agreed to such Orders with defendants in those districts.

It is true that there is no present basis to predict the date of pertinent Supreme Court action (or even that there will be one), and the Court recognizes that the duration of abeyance may be lengthy.  However, the absence of any genuine Government prejudice from granting the motion and the possibility of severe prejudice to Defendant King of denying the motion, tips the balance in favor of the defense.

For the foregoing reasons:

1. The Motion to Hold Petitioner's Motion to Vacate Sentence in Abeyance [ECF No. 141] is GRANTED.

2. The Court shall defer deciding the instant motion pending pertinent Supreme Court action or further Order.

3. The parties shall notify the Court of any pertinent developments promptly upon their occurrence.

4. The parties shall, in any event, provide a status report by December 31, 2018.


SO ORDERED, this Thursday, April 19, 2018.


_____/s/_____
Marvin J. Garbis
United States District Judge

3